## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DOLORES L. DEROUEN, ET AL.**                **CIVIL ACTION**

**VERSUS**

**NO. 21-215-SDD-RLB**

**ANCO INSULATIONS, INC., ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on August 27, 2021.

    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOLORES L. DEROUEN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 21-215-SDD-RLB** |
| **ANCO INSULATIONS, INC., ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 3).[1] The motion is opposed. (R. Doc. 18). Plaintiffs filed a Reply. (R. Doc. 26).

**I.    Background**

On or about April 15, 2020, L. Joseph Derouen initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-2). The Petition alleges that Mr. Derouen contracted malignant mesothelioma as a result of exposure to the products or use of asbestos products at various worksites from 1969 to 1993.

After Mr. Derouen passed away on September 5, 2020, his surviving spouse and children, Dolores L. Derouen, Scott Derouen, Jeremy Derouen, Tony Derouen, and Mark Derouen (collectively, "Plaintiffs"), were substituted as the plaintiffs in this action in a First Amended and Supplemental Petition. (R. Doc. 1-3). The action was set for a jury trial to begin on May 3, 2021. (R. Doc. 1 at 3).

On April 6, 2021, Plaintiffs served objections and counter objections to the deposition page and line designations of the following remaining defendants: Brake Parts Inc., LLC ("BPI"); BWDAC Inc., f/k/a BWD Automotive Corporation ("BWDAC"); Eaton Corporation

---

[1] The Court has denied the instant motion to the extent it sought expedited consideration. (R. Doc. 12).

1

("Eaton"); Ford Motor Company ("Ford"); Honiron International, Inc. ("Honiron");[2] J.P. Lapeyrouse, Inc. ("Lapeyrouse:); Morse TEC LLC, f/k/a Borg Warner Tex LLC ("Morse TEC"); and Navigstar Inc. ("Navistar"). (R. Doc. 1-4).

On April 12, 2021, Plaintiffs provided proposed jury instructions, which included only proposed instructions concerning strict liability and negligence for manufacturers of products, and not premises liability or employer liability. (R. Doc. 1-5). Similarly, Plaintiffs' proposed jury interrogatories only sought liability findings against these diverse defendants: BPI, BWDAC, Carlisle Industrial Brake and Friction Inc. ("Carlisle"), Eaton, Ford, Morse TEC, and Navistar. (R. Doc. 1-6).

On April 15, 2021, BPI, Carlisle, and Ford (collectively, the "Removing Defendants") removed the action, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332, and that all procedural requirements for removal have been satisfied. (R. Doc. 1). The Removing Defendants assert that as of April 6, 2021, the action was not removable because of the presence of at least some non-diverse defendants (i.e., Honiron and Lapeyrouse), but the action became removable on April 12, 2021 when the Plaintiffs' proposed jury instructions confirmed that Plaintiffs had voluntarily abandoned their claims against all remaining non-diverse defendants (including Honiron and Lapeyrouse). (R. Doc. 1 at 3). The Removing Defendants assert that the action is timely under 28 U.S.C. § 1446(b)(3) because it was filed within one year of the filing of the Petition and within 30-days of the April 12, 2021 proposed jury instructions and interrogatories from which it could be first ascertained that the action was removable. (R. Doc. 1

---

[2] Honiron International, Inc. is not a named defendant. The Honiron entities named as defendants in this action are Honiron Corporation and Honiron Disc, Inc. There does not appear to be a dispute, however that this document references the Honiron defendants collectively. Accordingly, the Court will collectively refer to all Honiron defendants as "Honiron."

at 4, 11).[3] The Removing Defendants also assert that BWDAC, Eaton, and Navistar consent to removal. (R. Doc. 1 at 12).

The Notice of Removal provides that Plaintiffs are all citizens of Louisiana and the remaining defendants are diverse: BPI (Delaware and Ohio), BWDAC (Delaware and Ohio); Carlisle (Delaware and Indiana); Eaton (Ohio); Ford (Delaware and Michigan); and Navistar (Delaware and Illinois). (R. Doc. 1 at 4-5, 12). The Removing Defendants assert that consent to removal from Morse TEC, a citizen of Bermuda, is unnecessary because "[s]ubsequent to serving their proposed jury interrogatories, Plaintiffs agreed to dismiss the claims against Morse TEC as part of a settlement." (R. Doc. 1 at 7). Finally, the Removing Defendants assert that Plaintiffs have voluntarily settled, dismissed, or otherwise abandoned their claims against all other defendants, including Honiron, Lapeyrouse, Anco Insulations, Inc. ("Anco"); Louisiana Insurance Guarantee Association ("LIGA"), and Taylor Seidenbach, Inc. ("TSI") (the "Non-Diverse Defendants"). (R. Doc. 1 at 6-8).

Plaintiffs' Motion to Remand argues that (1) the Court lacks subject matter jurisdiction because the Non-Diverse Defendants remain in this action, and (2) the Removing Defendants failed to obtain consent to removal from the Non-Diverse Defendants and Morse TEC. (R. Doc. 3).

## II.  Arguments of the Parties

In support of remand, Plaintiffs first argue that removal is procedurally defective because the Removing Defendants did not obtain the consent of the Non-Diverse Defendants and Morse TEC. (R. Doc. 3-1 at 5-6). In particular, Plaintiffs argue that Morse TEC is not a nominal defendant because the Removing Defendants have not put forth evidence that the dismissal of

---

[3] There is no dispute that this removal was made within the one-year period for removals of diversity actions under 28 U.S.C § 1446(c)(1).

3

Morse TEC "is an inevitability" despite an agreement "in word" between Plaintiffs and Morse TEC to settle at an April 14, 2021 pre-trial conference. (R. Doc. 3-1 at 5-6). Plaintiffs further argue that the Court lacks subject-matter jurisdiction because the Non-Diverse Defendants remain in the action and Plaintiffs have not indicated any intent to abandon their claims against them. (R. Doc. 3-1 at 6-9). Plaintiffs specifically argue that the proposed jury interrogatories and instructions do not establish an intent to abandon their claims against the Non-Diverse Defendants because they were "preliminary, draft, proposed, [and] unfiled." (R. Doc. 3-1 at 8). Plaintiffs note that counsel for Honiron and Lapeyrouse appeared at and participated in the April 14, 2021 pre-trial conference the day before removal. (R. Doc. 3-1 at 3).

In opposition, the Removing Defendants argue that Morse TEC is a nominal party because Plaintiffs entered into an enforceable written settlement with Morse TEC, and, therefore, the Removing Defendants were not required to obtain any consent to removal from Morse TEC. (R. Doc. 18 at 10-13). With respect to complete diversity, the Removing Defendants argue that Plaintiffs voluntarily abandoned their claims against the Non-Diverse Defendants because Plaintiffs dismissed Anco from the lawsuit and manifested their intent to abandon their claims against Honiron, Lapeyrouse, LIGA, and TSI when they provided their proposed jury interrogatories and instructions, as corroborated by their deposition designations. (R. Doc. 18 at 13-19). The Removing Defendants argue that the Plaintiffs' proposed jury interrogatives and instructions constitute an "other paper" under 28 U.S.C. § 1446(b)(3) because Honiron, Lapeyrouse, LIGA, and TSI are not specifically referenced, and there are no model instructions for premises owners or employers or deposition designations of any specific witnesses of these non-diverse defendants. (R. Doc. 18 at 16-18). The Removing Defendants further argue that Plaintiffs' argument that the jury interrogatories and instructions were "preliminary, draft,

4

proposed, [and] unfiled" is unsupported by the facts and is otherwise irrelevant to the legal analysis. (R. Doc. 18 at 19-22).

In reply, Plaintiffs argue that the proposed jury interrogatories and instructions do not clearly demonstrate that Plaintiffs intended to abandon all claims against the Non-Diverse Defendants because they were not final and were subject to change. (R. Doc. 26 at 2-6). Plaintiffs specifically argue that the "relevant inquiry here is not whether the jury instructions could qualify as 'other papers' under 28 U.S.C. § 1446(b)(3); rather, the issue before the Court is whether [the] content of those papers clearly demonstrates that Plaintiffs intended to abandon all claims against the non-diverse defendants." (R. Doc. 26 at 2-3). Plaintiffs also argue that the Removing Defendants have failed to establish that Morse TEC is a nominal defendant because there is no enforceable written settlement agreement signed by the parties or counsel acting with express consent of their client. (R. Doc. 26 at 7-10).

## III.    Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[4] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed . . ."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal

---

[4] There is no dispute that the amount in controversy requirement is satisfied. Accordingly, the Court will turn directly to the issue of whether the presence of the non-diverse defendants destroys complete diversity.

5

statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

A case that is not originally removable under "diversity jurisdiction because of the presence of a nondiverse defendant may be removed only after it is clear under applicable state law that the nondiverse defendant has been taken out of the case, leaving a controversy wholly between the plaintiff and the diverse defendant." *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995). "Federal courts must look to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case." *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000). "A case may be removed based on any voluntary act of the plaintiff that eliminates that nondiverse defendant from the case." *Id.*; *see also Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir. 2006) (the voluntary-involuntary rule generally provides that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff.") (quoting *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (5th Cir. 1967)). "It is only where plaintiff by his voluntary act definitely and clearly indicates his intention to abandon or discontinue the action as to the nondiverse defendants—where he has clearly indicated that he no longer desires to dictate the forum—that the case becomes removable." *Aydell v. Sterns*, 677 F. Supp. 877, 881 (M.D. La. 1988) (citing *Powers v. Chesapeake & O. Ry. Co.,* 169 U.S. 92 (1898)).

As an initial issue, Plaintiffs appear to argue that Anco is still a non-diverse defendant in this action for the purposes of determining whether there is complete diversity. (*See* R. Doc. 3-1

6

at 5). The Removing Defendants argue that, in fact, Plaintiffs voluntarily dismissed Anco from the lawsuit. (R. Doc. 18 at 14). The Removing Defendants submit a copy of a "Motion and Order for Dismissal without Prejudice" submitted by Plaintiffs to the state court judge and signed on October 13, 2020. (R. Doc. 18-5). Plaintiffs do not mention Anco in their Reply. (*See* R. Doc. 26). Given the record, the Court concludes that Anco was voluntarily dismissed from this action by Plaintiffs prior to removal.

The remaining issue is whether Plaintiffs, by a voluntary act, definitely and clearly indicated their intention to abandon or discontinue their action with respect to Honiron, Lapeyrouse, LIGA, and TSI.

The Court agrees with Plaintiffs that the Removing Defendants' emphasis on the "other paper" analysis – and jurisprudence determining the scope of documents that fall within the definition of "other paper" under Section 1446(b)(3) – is misplaced. Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The issue before the Court is not whether Plaintiffs' proposed jury instructions and interrogatories constitute "other paper" under Section 1446(b)(3); rather, the issue is whether this action is removable because Plaintiffs' proposed jury instructions and interrogatories clearly indicate their intention to abandon their claims against the non-diverse defendants. *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295–96 (5th Cir. 2019).[5]

---

[5] Even if proposed jury instructions and interrogatories constitute "other paper" from which under Section 1446(b)(3), that does not necessarily mean that the actual proposed jury instructions and interrogatories make the action removable. Furthermore, to the extent the Removing Defendants are arguing that their 30-day period for removal was triggered by their receipt of the proposed jury instructions and interrogatories, the Court disagrees.

7

To be clear, Plaintiffs have not voluntarily dismissed their claims against these non-diverse defendants as evidenced by a voluntary dismissal in the record, such as is the case with Anco.[6] Indeed, there is no dismissal of the non-diverse defendants Honiron, Lapeyrouse, LIGA, and TSI prior to the action that gives rise to any question of whether Plaintiffs acted voluntarily by not opposing the dismissals. *See Davidson v. Advocate Mines, Ltd.*, No. 11-1013, 2011 WL 13238694, at *1 (E.D. La. June 20, 2011) (plaintiff's statement on the record of its non-opposition to motion for summary judgment filed by the last non-diverse party was a voluntary act to dismissal of the claims). Furthermore, there is also no evidence that Plaintiffs have settled their claims against these non-diverse defendants even though the settlement was not acknowledged through a formal dismissal. *See Erdley v. Am. Honda Co.*, 96 F.R.D. 593, 597-99 (M.D. La. 1983) (plaintiff's settlement agreement with the non-diverse defendant was a voluntary act that made the case removable because the agreement specifically stated the plaintiff's intention to dismiss the non-diverse defendant).

Instead of relying on a voluntary dismissal or settlement in the record, the Notice of Removal asserts that the citizenship of the non-diverse defendants Honiron, Lapeyrouse, LIGA, and TSI should be ignored because they are "no longer active participants in this case based on the voluntary actions of Plaintiffs to abandon or drop these defendants from this litigation." (R. Doc. 1 at 8). The Removing Defendants assert that the jury interrogatories only seek liability findings against BPI, BWDAC, Carlisle, Eaton, Ford, Morse TEC, and Navistar. (R. Doc. 1 at 10-11). The Removing Defendants further assert that the proposed jury instructions only "discuss

---

Those documents do not make it "unequivocally clear and certain" that the action is removable. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain").

[6] There appears to be no dispute that Plaintiffs voluntarily dismissed their claims against the following non-diverse defendants: Anco Insulations, Inc.; Eagle, Inc. f/k/a Eagle Asbestos & Packing Co., Inc. and Eagle Packing & Equipment Co.; First State Insurance Company; United States Fidelity and Guaranty Company; and The McCarty Corporation f/k/a McCarty-Branton, Inc. (R. Doc. 1 at 6; *see* R. Docs. 1-7, 1-8, 1-9, 1-10, and 1-11).

products liability related to suppliers, manufacturers, distributors, professional vendors, and sellers" and, therefore, does not seek to hold Honiron, Lapeyrouse, LIGA, and TSI liable at trial. (R. Doc. 1 at 11). In short, the Removing Defendants rely on the omissions in Plaintiffs' proposed jury instructions and interrogatories – as well as Plaintiffs' deposition designations – to establish that Plaintiffs definitely and clearly indicated their intention to abandon or discontinue the action as to Honiron, Lapeyrouse, LIGA, and TSI. (*See* R. Doc. 18 at 16-19).

Tellingly, the Removing Defendants do not cite a single decision in which a federal court ignored the citizenship of non-diverse defendants on the basis that the plaintiffs, through proposed jury instructions or interrogatories or deposition designations, clearly abandoned any intent to pursue a claim against those non-diverse defendants. Having reviewed the record, the Court finds that the Removing Defendants have failed to meet their burden of establishing that the citizenship of Honiron, Lapeyrouse, LIGA, and TSI should be ignored on the basis that Plaintiffs voluntarily abandoned their claims against these non-diverse defendants.

The Removing Defendants would have the Court parse the language of Plaintiffs' proposed jury interrogatories and instructions (including their omission of model instructions for premises owners or employers) to conclude that they "unequivocally state an intent to abandon the non-diverse defendants." (R. Doc. 18 at 16-17). But these documents contain no definitive instruction to the jury to find the non-diverse defendants not liable. *Compare Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630, 636-37 (W.D. Tex. 1985) (plaintiffs' closing argument urging jury to find diverse defendant solely liable did not abandon claim against non-diverse defendant because the plaintiffs did not state that they absolutely did not want the jury to return a verdict against the non-diverse defendant) *with Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 331-32 (D.S.C. 1979) (plaintiffs' closing argument directing the jury to not return a

9

verdict against the non-diverse defendant clearly abandoned claim against the non-diverse defendant); *see also Davis v. Veslan Enterprises*, 765 F.3d 494, 498-99 (5th Cir. 1985) (plaintiff's closing argument stating that it "boggles" the imagination and is "inconceivable" that the non-diverse defendant driver did not apply his brakes could not "reasonably be construed as abandoning her claim against the resident defendants" because it was consistent with the plaintiff's "theme" at trial that while the non-resident driver could have been negligent, the "primary cause of the accident was the defective brake" for which the diverse defendants would be liable).

Plaintiffs represent that the defendants "circulated jury interrogatories that included non-diverse defendants [and] various defendants also circulated draft proposed jury instructions contain[ing] instructions pertaining to premise owners and employees." (R. Doc. 26 at 5) The Court will not speculate whether Plaintiffs would have agreed to these inclusions in a final joint proposed jury charge submitted to the State court judge. The Court will also not speculate with respect to Plaintiffs' litigation strategy regarding the designation of deposition testimony to be used at trial. The Removing Defendants have simply not pointed to a single "voluntary act" that "definitely and clearly indicates" Plaintiffs intent "to abandon or discontinue the action as to the nondiverse defendants." *Aydell v. Sterns,* 677 F. Supp. 877, 881 (M.D. La. 1988) (instruction in state court petition to withhold service on non-diverse defendants was not sufficient affirmative action by the plaintiff to show intent to abandon a claim, though the court speculated that at some point the action "may" become removable where a non-diverse defendant was not served and plaintiff announced ready for trial).

"Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d

10

720, 723 (5th Cir. 2002). Although Plaintiffs may have omitted Honiron, Lapeyrouse, LIGA, and TSI from certain pre-trial documents, the Removing Defendants have not proven a voluntary act by Plaintiffs indicating Plaintiffs' definite and clear intention to abandon their claims against those non-diverse defendants. Remand of this action is proper for lack of diversity jurisdiction.

Given that remand is appropriate for lack of diversity jurisdiction, the Court need not reach the issue of whether the consent of Morse TEC was required with respect to removal.

### IV.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 3) be **GRANTED,** and this action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on August 27, 2021.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**